142 So. 438

### DECATUR FINANCE CO. v. NEWSOM.
### 8 Div. 457.

Court of Appeals of Alabama.
April 12, 1932.

Rehearing Denied May 10, 1932.

Wert & Hutson, of Decatur, for appellant.

Seybourn H. Lynne, of Decatur, for appellee.

SAMFORD, J.

The plaintiff brought suit against the Louisville & Nashville Railroad Company in the justice court of J. W. Bailey, claiming judgment for $99, by reason of two assignments of wages, one for $22 and one for $77, executed by one G. S. Compton, alleged to be due Compton for wages. The Louisville & Nashville Railroad Company answered, admitting an indebtedness of $94, and suggested O. L. Newsom, E. L. Thomas, and G. S. Compton as claimants of the money. In the justice court judgment was rendered for plaintiff, and defendant Newsom appealed, making an appeal bond to the county court of Morgan county, whereas the court to which the appeal was taken is designated by the statute Morgan county court. Motion was made by plaintiff to dismiss the appeal because the name of the court to which the appeal was taken is not Morgan county court. The difference in the name of the court is of no moment, the court is one and "the same." The motion was properly overruled.

On the trial in the county court, the cause was tried by the court without a jury, in which issue was made up by the court with Decatur Finance Company, as plaintiff, and O. L. Newsom, as defendant, and, after hear-

ing the evidence, the court rendered judgment against the plaintiff holding that the assignments to it by G. S. Compton were void and of no effect. This judgment was rendered on the theory of plaintiff being engaged in the business of a money broker, or loaning money and taking security therefor by bills of sale, mortgages on or conveyances or liens on personal property or personal effects or other personal security in Morgan county, without complying with section 1 of An Act by the Gen. Assembly of Ala., Session 1900–01 entitled "An Act To regulate the business of money brokers" etc. (Acts 1900–01, p. 2685), notwithstanding act of the Legislature 1927 repealing same, as it applied to Morgan county. Acts 1927, p. 270. It was admitted that plaintiff made no effort to comply with local act, supra.

As we view this case, the constitutionality of Act 1927, p. 270, is not here involved, nor are the assignments controlled by a local act of 1900–01, p. 2685. The last act mentioned applies to the lending of money and taking security therefor, while the transactions here involved is the sale of claims for wages already earned for a present valuable consideration. The first assignment is as follows:

" 'Decatur, Alabama, Nov. 6th, 1930. $22.00

" 'And for value received I hereby sell, transfer and assign, to the Decatur Finance Co., of Decatur, Ala., my account for wages or salary earned and owing to me by L. & N. Railroad Co. to the extent and amount of Twenty Two Dollars.

" 'And I hereby represent and warrant that there is now owing to me by said ———— the sum above stated already earned and owing to me by said Company for services. And to further secure this indebtedness evidenced by this Note to the said Decatur Finance Company, which is due by me to them for money to buy groceries, clothing, medicine, insurance, medicinal attention and house rent, I do hereby sell, assign, set over, transfer and convey to the said Decatur Finance Company, all and every amount due or to be hereafter earned by me as wages or salaries for labor within 30 days from date, performed for the L. & N. Railroad Co., and I hereby authorize and empower the said Decatur Finance Company, their agents or assigns, to receive, receipt for and collect the above amount thus assigned as fully as I might do, and to receipt for the same; and the said L. & N. R. R. Co. is hereby authorized to make payment to and take receipts from the Decatur Finance Company, its agents or assigns for all such wages now due or to hereafter become due.

" 'Witness my hand this 6th day of Nov. 1930.

" '[Name] G. S. Compton.

" 'Witness: M. Dixon.' "

The second is identical except as to amount. The testimony of Dixon, who acted for plaintiff, is: "I let Mr. Compton have money on these assignments for his past due wages which I purchased from him." Compton testified that: "I sold my time to the Decatur Finance Company on October 28th and again on November 6th." There is no element of a loan in either of the transactions. While there is a clause in the written transfer which says: "And to further secure this indebtedness evidenced by this note," etc., this is repugnant to the unqualified sale and transfer and to the evidence in the case. The money for wages, being already due, was assignable, but the assignment of future wages was void. Code 1923, § 9232. As to assignment of future wages no question arises so far as this case is concerned, as no advances were made under the contract and no future wages are claimed.

The plaintiff was entitled to a judgment, and the court erred in rendering judgment for the defendant.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.